UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-26-DCR-03 |
| | ) | |
| V. | ) | |
| | ) | |
| TABITHA RENA BEGLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

By letter dated April 22, 2015, Defendant Tabitha Rena Begley has requested a sentence reduction. The Court construes this letter as a motion requesting relief under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Begley is currently serving a 46-month sentence of imprisonment for her participation in a large-scale drug trafficking conspiracy. After reviewing Begley's motion, the Court declines to grant the requested relief.[1]

---

[1]     The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by

On February 14, 2014, the Court accepted Begley's guilty plea to conspiring to distribute oxycodone in violation of 21 U.S.C. § 846.  [Record No. 142]  Begley entered into a written Plea Agreement with the United States in which she admitted to the following factual basis for the charge:

> (a)      The Defendant, Tabitha Begley, admits that she conspired with others to distribute oxycodone pills from a time period beginning in or about May of 2011 through June of 2013.  Oxycodone is a Schedule II controlled substance.
>
> (b)      Specifically, the Defendant admits that she traveled with others to pain clinics in Georgia to obtain oxycodone pills.  On some of these trips, the Defendant and others were funded by a codefendant.  During each visit, the Defendant received a quantity of oxycodone 30 mg pills and oxycodone 15 mg pills.  On the occasions that the codefendant funded these trips, the Defendant received one-half of the pills.  The codefendant received the other half of the pills, which he (the codefendant) distributed in Southeastern Kentucky.
>
> (c)      The Defendant also admits that she rented cars in her name for the purpose of making trips to out-of-state pain clinics on behalf of the aforementioned codefendant.
>
> (d)      Based on the evidence obtained by law enforcement, including the Defendant's own admissions, the United States could prove beyond a reasonable doubt, and the Defendant admits, that he [*sic*] is responsible for distributing approximately 2,386 oxycodone 30 mg pills and 1,275 oxycodone 15 mg pills.

[Record No. 198, pp. 1-2]

The issue presented is whether a sentence reduction is warranted in light of all relevant statutory factors under 18 U.S.C. § 3553.  These factors include, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence,

---

the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

and the need to protect the public from potential future crimes by Begley.  As outlined in the Presentence Investigation Report ("PSR") prepared in this case, Begley's Base Offense Level was 28 at the time of sentencing.  [PSR, p. 8]  She then received a three-level reduction for acceptance of responsibility and a two-point reduction under U.S.S.G. § 5C1.2, reducing her Total Offense Level to 23.  [*Id.*]  With a Criminal History Category of I, Begley's resulting non-binding guideline range was 46 to 57 months.  On June 27, 2014, the Court held a sentencing hearing, considered the parties' arguments and the factors set forth in § 3553, and found that a sentence of 46 months was sufficient, but not greater than necessary, to satisfy the relevant statutory goals.  [Record No. 200]

This defendant is a mother of two.  Begley asserts that a reduction in her sentence will allow her to bond with her children, one of whom was born during her incarceration.  However, this is only one factor that the Court must consider, and it is outweighed by the negative impact of the other relevant factors and characteristics.  Additionally, attached to Begley's letter is a document indicating that the defendant has been participating in a Residential Drug Abuse Treatment Program ("RDAP") and is expected to complete Phase I of the program in September.  Notwithstanding this positive step, the Court's concerns are not alleviated regarding the remaining statutory factors.

Although Begley did not have a serious criminal history before the charged offense, [PSR, p. 9] her participation in the conspiracy was extensive, lasting over two years and resulting in the distribution of a large amount of oxycodone into the Eastern District of Kentucky.  A further reduction in Begley's sentence would not sufficiently deter either the defendant or others from similar crimes in the future and would unduly diminish the

-3-

seriousness of her offense.  In addition, a reduced sentence would not provide sufficient punishment for the serious and long-running conspiracy in which Begley participated.

Nothing in the defendant's motion overcomes the Court's conclusion that the sentence imposed is the *minimum* term necessary to meet all relevant factors of § 3553.  In short, the defendant's current sentence of 46 months is sufficient but not greater than necessary to achieve the statutory goals.  As a result, the Court will adhere to the sentence originally imposed.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The Clerk of Court shall **FILE** Defendant Tabitha R. Begley's letter, dated April 22, 2015, which has been construed as a motion, in the record.

2.      Defendant Begley's motion for a reduced sentence is **DENIED**.

This 6th day of May, 2015.



Signed By:

*Danny C. Reeves*

**United States District Judge**